UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID POSCHMANN,

    Plaintiff,

v.

                          CASE NO.

ITHACA OF SOUTH BEACH
HOTEL, INC.,

    Defendant.
_____/

# COMPLAINT

Plaintiff, David Poschmann, by and through his undersigned counsel, hereby sues the Defendant, ITHACA OF SOUTH BEACH HOTEL, INC., for injunctive relief pursuant to the Americans With Disabilities Act, 42 U.S.C. §12181, et seq. (the "ADA") and in support thereof states as follows:

## JURISDICTION

1. This court has subject-matter jurisdiction since this action arises pursuant to 28 U.S.C. § 1331 and §1343 and Plaintiff's claims arise under 42 U.S.C. §12181 et seq. based upon Defendant's violations of Title III of the ADA.

## VENUE

2. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b) (2) because Defendant is a resident of this district and the facility, whose reservation systems are at issue herein, is situated in this district.

## **PARTIES**

3.   Plaintiff, David Poschmann, is an individual who is over eighteen years of age and sui juris. Plaintiff is disabled as such term is defined by the ADA and is substantially limited in performing one or more major life activities due to the amputation of his right leg in 2012. Plaintiff uses a wheelchair to ambulate. Plaintiff drives his own specially equipped vehicle and has a valid disabled parking permit from the Florida Department of Highway Safety and Motor Vehicles. The online hotel reservation system for Defendant's resort, as well as a third party reservations service that provides the public with the ability to reserve a room at Defendant's resort, fail to comply with any of the requirements of 28 C.F.R. §36.302(e) and therefore Plaintiff's full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered thereon are restricted and limited because of Plaintiff's disability and will be restricted in the future unless and until Defendant is compelled to comply with the ADA's requirements with regard to the online reservations services providing for reserving rooms at Defendant's resort.  Plaintiff intends to visit the online reservation services described herein in the near future, and within thirty (30) days, to book a hotel room and utilize the goods, services, facilities, privileges, advantages and/or accommodations being offered and/or to test the online reservation services for compliance with 28 C.F.R. §36.302(e).

4. Defendant is the operator and/or owner of the Ithaca of South Beach Hotel located at 601 Collins Avenue in Miami Beach, Florida ("the Ithaca"). The online reservation system for the Ithaca is found at Ithacasouthbeach.com. Third party reservation services which provide for the reserving of rooms at the Ithaca (which do not provide for the reserving of rooms that are identified or described as accessible and which do not describe the accessible or inaccessible features within the common areas of the Ithaca) are booking.com, expedia.com, hotels.com, priceline.com, travelocity.com and kayak.com ("the Third Party Reservations Services"). The Ithaca's reservation system and the Third Party Reservations Services are collectively referred to herein as the "Reservations Services".

**CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA**

5. On July 26, 1990, Congress enacted the ADA explaining that the purpose of the ADA was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing said discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. (42 U.S.C. § 12101(b)(1)-(4)).

6. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice ("DOJ"), Office of the Attorney General, published revised regulations for Title III of the Americans With Disabilities Act of 1990 in the *Federal Register* to implement the requirements of the ADA. Public accommodations, including places of lodging, were required to conform to these regulations on or before March 15, 2012.

7. On March 15, 2012, new regulations implementing Title III of the ADA took effect, imposing significant new obligations on inns, motels, hotels and other "places of lodging". 28 C.F.R. §36.302(e) states:

"(1) *Reservations made by places of lodging.* A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

**(i)** Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

**(ii)** Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;[1]

---

[1] The United States Department of Justice, in "28 C.F.R. Appendix A to Part 36, Guidance on Revisions to ADA Regulation on Nondiscrimination on the Basis of Disability by Public Accommodations and Commercial Facilities", provides a section-by-section analysis of 28 C.F.R. §36.302(e)(1). In its analysis and guidance, the Department of Justice's official comments state that "information about the Hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features that do **not** comply with the 1991 Standards." An agency's interpretation of its own regulations, such as the Department of Justice's interpretation of 28 C.F.R. §36.302(e)(1), must be given "substantial deference" and "controlling weight" unless it is "plainly erroneous or inconsistent with the regulation." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994).

**(iii)** Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

**(iv)** Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

**(v)** Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others."

  8. The DOJ Official Comments to 28 C.F.R.§ 36.302(e) (1) specifically address the common use of third party reservations services in the hotel industry and the hotel industry's attempts to exclude such sites from the requirements of the regulation. In rejecting this request, the DOJ, in the DOJ Official Comments, states as follows:

> "Hotels and organizations commenting on their behalf also requested that the language be changed to eliminate any liability for reservations made through third parties, arguing that they are unable to control the actions of unrelated parties. The rule, both as proposed and as adopted, requires covered public accommodations to ensure that reservations made on their behalf by third parties are made in a manner that results in parity between those who need accessible rooms and those who do not."

  9. The Ithaca is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA. The Reservations Services enable members of the public to reserve a guest room at the Ithaca. The Reservations Services are subject to the requirements of 28 C.F.R.§ 36.302(e) and Defendant is responsible for said compliance.

10. Most recently, during November, 2021 Plaintiff attempted to specifically identify and book a guaranteed reservation for an accessible hotel room at the Ithaca from the Reservations Services but was unable to do so due to the failure of these services to comply with the requirements set forth in paragraph 7.

11. Plaintiff is an advocate of the rights of similarly situated disabled persons and, pursuant to *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013), is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation, including online reservation systems for places of lodging, are in compliance with the ADA.

12. Defendant has discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered at the Ithaca through the Reservations Services due to the substantive ADA violations contained thereon.

### COUNT I-CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA THE ITHACA'S RESERVATION SYSTEM

13. Plaintiff realleges and incorporates paragraphs 1 through 12 above herein.

14. The online reservation system for the Ithaca encountered by Plaintiff when he visited it failed to comply with *any* of the requirements of 28 C.F.R.§

36.302(e)(1). When Plaintiff visited the Ithaca's online reservation system, he tried to make a reservation for an accessible hotel room at the Ithaca, since he requires an accessible hotel room due to the amputation of his right leg, but it was not possible to make such a reservation. It was possible to reserve a hotel room that was not accessible. For this reason Defendant has no policy, practice, or procedure in place to ensure that individuals with disabilities can make reservations for accessible hotel rooms during the same hours and in the same manner as individuals who do not need accessible hotel rooms. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(i). When Plaintiff visited the Ithaca's online reservation system, he searched the site for the identification and descriptions of accessible features at the Ithaca and hotel rooms offered through the reservation service so that he could assess independently whether the Ithaca or a specific hotel room met his accessibility needs in light of his disability but the reservation service contained no such descriptions at all. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(ii). In light of the foregoing, Defendant also necessarily violated 28 C.F.R. §36.302(e)(1)(iii)-(v) in that since the online reservation service does not describe any accessible hotel room and does not, in turn, allow the reserving of such accessible hotel room, the reservation service cannot hold such unavailable accessible hotel room in the reservation system until all other units have been rented, block such unavailable accessible hotel rooms from the system once

reserved, and guaranty that such unavailable accessible hotel rooms will be held for the reserving customer as required by sections (iii) - (v) respectively.

15.   Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to correct the ADA violations to the online reservation system for the Ithaca and maintain the online reservation system and accompanying policies in a manner that is consistent with and compliant with the requirements of 28 C.F.R. §36.302(e).

16.   Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendant, including litigation expenses and costs pursuant to 42 U.S.C. §12205.

17.   Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Defendant to implement policies, consistent with the ADA, to accommodate the disabled, by requiring Defendant to alter and maintain its online reservation system in accordance with the requirements set forth in paragraph 7 above.[2]

---

[2] The injunction, to be meaningful and fulfill its intended purpose, should require Defendant to develop, and strictly enforce, a policy requiring regular monitoring of its online reservations system. As rates and classes of hotel rooms at the Ithaca, and the number and type of hotel rooms, beds, accommodations and amenities offered in the various unit types change from time to time, the availability of accessible units must be re-dispersed across these various price points, classes, as well as across units with disparate features (2010 ADA Standard 224.5). In light of the foregoing, in addition to regular ongoing website maintenance and to reflect physical changes at the Ithaca, the

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices, ordering Defendant to implement policies, consistent with the ADA, to accommodate the disabled, through requiring Defendant to alter and maintain the online reservation system for the Ithaca in accordance with the requirements set forth in paragraph 7 above, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

## COUNT II-CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA THE THIRD PARTY RESERVATION SERVICE

18. Plaintiff realleges and incorporates paragraphs 1 through 12 above herein.

19. The ADA violations for the Third Party Reservations Service consist of the following:

   a) A failure of any policy, practice, or procedure ensuring that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms; and

   b) A failure to identify and describe accessible features in the hotel and guest rooms offered through the reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether the hotel or specific guest rooms meets his or her accessibility needs.

.

---

online reservations system must continuously be updated to properly reflect and describe Defendant's compliance with the substantive ADA Standards regarding accessible hotel rooms in accordance with 28 C.F.R. 36.302(e)(1).

20. Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant enacts appropriate policies and makes reasonable efforts to make accessible rooms available through the Third Party Reservation Service and provides this service with information concerning the accessible and inaccessible features of the Ithaca and accessible rooms such that the operator of the service is able to correct the ADA violations on the system and maintain it, as to the Ithaca, in a manner that is consistent with and compliant with the requirements of 28 C.F.R. §36.302(e).

21. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendant, including litigation expenses and costs pursuant to 42 U.S.C. §12205.

22. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Defendant to implement policies, consistent with the ADA, to accommodate the disabled in accordance with the requirements set forth in paragraph 7 above.[3]

---

[3] The injunction, to be meaningful and fulfill its intended purpose, should require Defendant to develop, and strictly enforce, a policy requiring regular monitoring of the online Reservation Service. As rates and classes of rooms change at the Ithaca, and the number and type of beds, accommodations and amenities offered in the various room types change from time to time, the availability of accessible rooms must be re-dispersed across these various price points, classes, as well as across rooms with disparate features (2010 ADA Standard 224.5). In light of the foregoing, to reflect physical changes at the Ithaca, the Reservations Service must continuously be updated to

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices, ordering Defendant to implement policies, consistent with the ADA, to accommodate the disabled, and to make reasonable efforts to have accessible rooms available for reserving through the Third Party Reservation Service by providing this service with information concerning the accessible and inaccessible features of the Ithaca and accessible rooms such that the operator of this site is able to correct the ADA violations on the site and maintain them, as to the Ithaca, in a manner that is consistent with and compliant with the requirements of 28 C.F.R. §36.302(e), and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees and costs.

                                                s/Lee D. Sarkin
                                                DREW M. LEVITT
                                                Florida Bar No: 782246
                                                drewmlevitt@gmail.com
                                                LEE D. SARKIN
                                                Florida Bar No. 962848
                                                Lsarkin@aol.com
                                                4700 N.W. Boca Raton Boulevard
                                                Suite 302
                                                Boca Raton, Florida 33431
                                                Telephone (561) 994-6922
                                                Facsimile (561) 994-0837
                                                Attorneys for Plaintiff

---

properly reflect and describe Defendant's compliance with the substantive ADA Standards regarding accessible hotel rooms in accordance with 28 C.F.R. 36.302(e)(1), which can only be accomplished with Defendant's cooperation and participation with this Reservation Service.